UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Emmanuel Bello-Arias,
        Petitioner

        v.                              Case No. 23-cv-079-SM
                                        Opinion No. 2023 DNH 043

Warden, FCI Berlin,
        Respondent


**O R D E R**


Emmanuel Bello-Arias is a federal prisoner currently being
held at the Federal Correctional Institution in Berlin, New
Hampshire.  He brings a petition pursuant to 28 U.S.C. § 2241
saying the Bureau of Prisons ("BOP") has improperly classified
him as "ineligible" to apply time credits he has earned under
the First Step Act and, therefore, incorrectly calculated his
projected release date.  He seeks an order directing the BOP to
properly account for those time credits and amend his projected
release date by one year.


When Bello-Arias filed his petition, his claims had merit.
But, shortly thereafter, the BOP properly credited him with
earned FSA time credits and advanced his projected release date
by one year (the maximum permitted).  Accordingly, Bello-Arias

has received all of the relief he sought and his petition is now moot.

## Discussion

There are two ways by which inmates serving federally-imposed sentences may reduce the amount of time they must serve in prison.  Those serving a term of imprisonment greater than one year may earn "good time" credits for "exemplary compliance with institutional disciplinary regulations."  18 U.S.C. § 3624(b)(1).  Inmates may also earn "time credits" under the First Step Act for the successful completion of "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A).  This case involves the latter.

Bello-Arias is currently serving a 106-month term of imprisonment, to be followed by a five-year term of supervised release.  He is the subject of an Immigrations and Customs Enforcement ("ICE") detainer that was lodged against him in May of 2022.  With the benefit of good time credits, his "Final Statutory Release Date" is July 20, 2027.  <u>See</u> Sentence Monitoring Computation Data (document no. 6-3) at 1.  He does not dispute that calculation.

In addition to good time credit, Bello-Arias has also earned a number of FSA time credits, 365 of which that may be applied toward early transfer to supervised release.  See FSA Time Credit Assessment as of March 25, 2023 (document no. 6-4) at 1.  See also 18 U.S.C.A. § 3624(g)(3) (providing that the BOP may apply no more than 12 months of earned FSA time credits to advance an inmate's date of transfer to supervised release). So, factoring in both his good time credits and his FSA time credits, Bello-Arias's "Projected Release Date" should be July 20, 2026 – that is, 365 days earlier than his "Final Statutory Release Date."  But, says Bello-Arias, the BOP is refusing to apply those FSA time credits and, therefore, his projected release date is one year later than it should be.

According to Bello-Arias, the BOP improperly listed him as "ineligible" to apply his earned FSA time credits toward an early transfer to prerelease custody or supervised release because of the presence of the ICE detainer against him.  The FSA Time Credit Assessment attached to his petition and dated January 14, 2023 (document no. 1-1) appears to support that claim.  The government has not attempted to explain why the BOP had been reporting that Bello-Arias was "ineligible" to apply FSA time credits toward early release.  But, it is likely because the BOP had been operating under the mistaken impression

that the existence of an ICE detainer precluded an inmate from applying earned FSA time credits toward an early release to prerelease custody or supervised release.  See U.S. Dept. of Justice, Bureau of Prisons, Program Statement 5410.10, § 10(b) at 13 (Nov. 11, 2022) ("While inmates with unresolved pending charges and/or detainers may earn FTCs, if otherwise eligible, they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved.") (emphasis supplied) (available at https://www.bop.gov/policy /progstat/5410_01.pdf).

That BOP policy seems to have been inconsistent with the language of the FSA itself, which only precludes those prisoners with "final orders of removal" from applying earned FSA time credits toward prerelease custody or supervised release; the FSA does not speak to prisoners who are subject only to a detainer. See 18 U.S.C. § 3632(d)(4)(E)(i).  See also Komando v. Luna, No. 22-CV-425-SE, 2023 WL 310580, at *6 (D.N.H. Jan. 13, 2023), report and recommendation approved sub nom. Komando v. FCI Berlin, Warden, No. 22-CV-425-SE, 2023 WL 1782034 (D.N.H. Feb. 6, 2023) ("This court, and the BOP, must give effect to the plain language of the statute that was enacted.  Potentially removable noncitizens who are not the subject of final orders of removal are not within the scope of subparagraph (E)(i).").

Seemingly recognizing its error, on February 6, 2023, the
BOP amended its procedures for implementing the FSA.  Among
other things, it removed language in the prior policy that
prohibited prisoners subject to ICE detainers from applying FSA
time credits.  See U.S. Dept. of Justice, Bureau of Prisons,
Program Statement 5410.10 CN-1 at 2 (Feb. 6, 2023) (available
at: https://www.bop.gov/PublicInfo/execute/policysearch?todo=
query&series=5000).  Subsequently, Bello-Arias's Sentence
Monitoring Computation Data was recalculated.  According to
documents attached to the government's legal memorandum, Bello-
Arias is now eligible both to earn and to apply FSA time
credits.  See generally Gonzalez-Garcia v. Warden, FCI Belin,
No. 23-cv-019, 2023 DNH 040 at 5 (D.N.H. April 20, 2023) (noting
that, based upon their underlying crimes of conviction, certain
inmates are not eligible to receive FSA time credits.  Other
inmates are not eligible to apply FSA time credits toward
prerelease custody or supervised release.) (citing 18 U.S.C.
§§ 3632(d)(4)(D) and 3632(d)(4)(E)(i)).

In short, then, when Bello-Arias filed his petition, the
BOP had improperly determined that he was not eligible to apply
earned FSA time credits toward an early transfer to prerelease
custody or supervised release.  But, since then, the BOP has
amended its policy and corrected Bello-Arias's records.  Those

records now correctly show that he is eligible to apply earned
FSA time credits toward early release.  <u>See</u> FSA Time Credit
Assessment dated March 25, 2023, at 1.  They also now properly
account for Bello-Arias's earned FSA time credits and show that
his "projected release date" is July 20, 2026 (rather than July
20, 2027).  <u>See</u> Sentence Monitoring Computation Data at 1.

### Conclusion

For the foregoing reasons, it is plain that Bello-Arias has
received all the relief sought in his petition and no
intervention from this court is necessary.  That petition
(**document no. 1**) is, therefore, dismissed as moot.  Similarly,
the government's motion for summary judgment (**document no. 6**) is
denied as moot.


The Clerk of Court shall enter judgment in accordance with
this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 21, 2023

cc:  Emmanuel Bello-Arias, pro se
     Heather A. Cherniske, Esq.